Case 1:23-cv-03570-CBA-TAM   Document 11   Filed 06/28/23   Page 1 of 4 PageID #: 41

Clerk's Office
Filed Date: 6/28/2023

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
MAGDA MORELLI,

                Plaintiff,

-against-

CVS ALBANY, L.L.C., i/s/h/a CVS
PHARMACY,

                Defendant.
-----------------------------------------------------------x

NOT FOR PUBLICATION
**MEMORANDUM & ORDER**
23-cv-3570 (CBA) (TAM)

**AMON, United States District Judge:**

## INTRODUCTION

On May 12, 2023, CVS Albany, L.L.C. ("Defendant") filed a notice of removal seeking to remove this action from New York state court. (ECF Docket Entry ("D.E.") # 1 ("Pet."); D.E. # 1-1 ("State Ct. Compl.").) For the reasons below, this case is REMANDED to the Supreme Court of the State of New York, County of Queens.

## BACKGROUND

On April 19, 2023, Magda Morelli ("Plaintiff") filed this personal-injury action against Defendant in the Supreme Court of the State of New York, County of Queens. (State Ct. Compl.) Plaintiff alleges that Defendant was negligent in placing certain merchandise "near [the] cash register," which caused her to slip and fall. (Id. ¶ 4.) Consistent with New York law, Plaintiff's state court complaint does not state an amount in controversy. See N.Y. C.P.L.R. § 3017(c) ("In an action to recover damages for personal injuries . . . , the complaint . . . shall not state the amount of damages to which the pleader deems himself entitled.").

1

Defendant seeks to remove this case to federal court by invoking diversity jurisdiction pursuant to 28 U.S.C. § 1332. (Pet. at *2.)[1] However, with respect to the amount in controversy requirement, Defendant's notice of removal states only that "a verdict in this matter could exceed $75,000.00" without further elaboration. (Id. at *3.)

## STANDARD OF REVIEW

Federal district courts have original jurisdiction in a diversity action where "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). The defendant, as the removing party, bears the "burden of proving that it appears to a reasonable probability that the claim is in excess of the statutory jurisdictional amount." Mehlenbacher v. Akzo Nobel Salt, Inc., 216 F.3d 291, 296 (2d Cir. 2000) (citations omitted). "[I]f the jurisdictional amount is not clearly alleged in the plaintiff's complaint, and the defendant's notice of removal fails to allege facts adequate to establish . . . the jurisdictional amount, federal courts lack diversity jurisdiction . . . ." Lupo v. Human Affairs Int'l, Inc., 28 F.3d 269, 273-74 (2d Cir. 1994). Federal courts must "construe the removal statute narrowly, resolving any doubts against removability." Id. at 274 (citation omitted). "[E]ven in the absence of a challenge from any party [regarding removal]," federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists." Nguyen v. FXCM Inc., 364 F. Supp. 3d 227, 237 (S.D.N.Y. 2019) (quoting Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006)).

## DISCUSSION

On May 23, 2023, I ordered Defendant to show cause why this case should not be remanded for an insufficient showing of the amount-in-controversy requirement, given that at least two district courts have found removal improper under nearly identical fact patterns. See, e.g., Muniz

---

[1] Citations to pages with an asterisk refer to the PDF page number.

v. CVS Albany, L.L.C., No. 21-cv-8179 (PMH), 2021 WL 4596539, at *2 (S.D.N.Y. Oct. 6, 2021); Cadmen v. CVS Albany, L.L.C., No. 22-cv-46 (PKC), 2022 WL 138056, at *2 (E.D.N.Y. Jan. 14, 2022). On June 2, 2023, Defendant filed a letter raising three arguments in support of removal, (D.E. # 9 ("Def. Let.")); none is persuasive.

First, Defendant argues that "the plaintiff's [state court] complaint . . . claim[s] severe, serious, and permanent injuries." (Def. Let.) However, a defendant "cannot meet its [jurisdictional] burden by relying on inferences drawn from Plaintiff's [state court complaint]" where that complaint "does not allege a damages amount." Muniz, 2021 WL 4596539, at *2; see also Cadmen, 2022 WL 138056, at *2 (concluding that a defendant cannot rely solely on a plaintiff's allegation of having "suffered certain and severe injuries" to meet the amount-in-controversy requirement).

Second, Defendant argues that Plaintiff refuses to "agree to cap damages at $75,000.00." (Def. Let.) However, a plaintiff's refusal "to cap damages at $75,000 is not determinative of the amount in controversy and is insufficient to establish the jurisdictional amount." Feliciano v. Target Corp., No. 19-cv-2706 (DLI), 2019 WL 2210739, at *2 (E.D.N.Y. May 21, 2019).

Third, Defendant asks that I defer resolution on the motion "to allow sufficient time to review plaintiff's medical records in the hopes of avoiding having to seek removal again." (Def. Let.) However, Defendant should have done so in state court before seeking a removal. In New York, a defendant in a personal injury case may "request a supplemental demand setting forth the total damages to which the pleader deems himself entitled." N.Y. C.P.L.R. § 3017(c). Stated differently, Defendant "should have availed itself of [New York's] procedure before prematurely removing the action to this Court." Cadmen, 2022 WL 138056, at *2 n.2 (citation and internal quotation marks omitted).

3

Thus, given its reliance on generalized statements regarding the scope of Plaintiff's injury, Defendant has failed to satisfy its burden of establishing the amount-in-controversy requirement.

## CONCLUSION

For the foregoing reasons, this case is REMANDED to state court. The Clerk of Court is respectfully directed to send a copy of this Order to the Supreme Court of the State of New York, County of Queens and to close this action.

SO ORDERED.

Dated: June 27, 2023
Brooklyn, New York

s/Carol Bagley Amon
Carol Bagley Amon
United States District Judge